## PRATT *v.* POOLE *et al.*

### (*Supreme Court, General Term, Second Department.* September 14, 1891.)

1. MORTGAGES—SATISFACTION—SUBSTITUTED SECURITY.

   In a mortgage foreclosure, to support defendant's contention that another mortgage, assigned to plaintiff at the instance of defendant, was assigned in payment of the mortgage in suit, there was only his oral testimony, as against the testimony of the mortgagee and his attorney, that the second mortgage was given as security merely, and correspondence between the parties showing an offer to make a payment in satisfaction of the mortgage in suit long after the taking of the second mortgage. *Held*, that a finding that the second mortgage was assigned to plaintiff, not in payment of the first, but merely as security, was sustained by the evidence.

2. SAME—ASSIGNMENT—FORECLOSURE.

   An absolute transfer of a bond and mortgage carries with it title to the consideration upon which it rests, and the transferee may maintain suit to foreclose in his own name, for the amount due thereon, irrespective of the consideration paid for the mortgage.

Appeal from special term, Richmond county.

Action by Mary Pratt against Sidney G. Poole and others to foreclose a mortgage given by Poole and wife to John Henry Elliott and others, April 2, 1883, to secure the payment of $5,000, May 1, 1885. This mortgage was on January 7, 1889, assigned by the mortgagees to plaintiff for the consideration of $350, at which time (as found by the referee) there was due to the mortgagees for principal and interest of their debt over $5,000. The referee found in favor of plaintiff, and judgment was entered thereon for plaintiff for $5,000, with interest from January 7, 1889. From an order confirming his report the defendants appealed to this court.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George W. Carr* and *Alfred R. Page*, for appellants. *Edward D. Peck*, for respondent.

BARNARD, P. J. On the 31st of March, 1883, Mary I. Poole, with her husband, Sidney G. Poole, executed a bond and mortgage to Elliott, Porter & Ripley, as partners doing business under the name of the Brentwood Lumber Company. The amount of the bond was $5,000. The bond and mort-

gage were given for an existing indebtedness of Sidney G. Poole to the lumber company. This indebtedness was adjusted at $6,600 in April, 1885. In February, 1888, $2,000 was paid on the mortgage. In September, 1885, $175 was paid thereon. In May, 1887, one Winship, at the request of Sidney G. Poole, assigned a mortgage made by Dewey & Bender for $5,000 on lands in Queens county, N. Y., to Elliott, Porter & Ripley. · The principal issue in the case is whether the Bender mortgage was substituted for the Poole mortgage, and thereby paid the Poole mortgage. The Poole mortgage was being foreclosed by the lumber company in August, 1886, and this action never proceeded to judgment, but was arrested when the Bender mortgage was assigned. There was an agreement to cancel the Poole mortgage, and the specific difference is whether the cancellation was to be given for the Bender mortgage, or upon the payment of $1,000 and some additional costs of the foreclosure suit. Sidney G. Poole testifies that the agreement was to satisfy of record the Poole mortgage upon the assignment of the Bender mortgage and upon payment of the costs. He further states that he paid these costs, $167. Mr. A. S. Tenney, who was the lawyer of Brentwood Company, and their attorney in the foreclosure action, testifies that the agreement made upon the assignment of the Bender mortgage was that the Staten Island bond and mortgage (Poole) was to be canceled for $1,000 cash payment, besides the costs; that the $1,000 was never paid, and that he subsequently offered to cancel the Poole mortgage for $750, instead of the $1,000. The written correspondence supports Mr. Tenney. Poole promised to pay the $1,000 additional long after he says the agreement was made to cancel the Poole mortgage without such payment. The testimony of Mr. Stickler is not so positive and precise as to be entitled to much weight as against the written admission of Poole, who made the agreement that the $1,000 was due to the lumber company for the satisfaction piece. The referee's finding, therefore, that the Bender bond and mortgage was an additional security, and not a substituted one, is fully supported by the evidence. The evidence shows that, as between the parties to it, the Poole mortgage rested on an adequate consideration; that at the time of its assignment to the plaintiff there was due upon the Poole debt to the lumber company over $5,000. There is no agreement restricting the transfer of the mortgage by the lumber company. As between plaintiff and the lumber company, all the right of the company was transferred to plaintiff. She got not only a naked title to the bond and mortgage, but also a title to the consideration for which it was given. It was not given in pledge, but transferred absolutely. The mortgagors were bound to pay to the holder of the legal title. *Nelson* v. *Eaton*, 26 N. Y. 410. The judgment should therefore be affirmed, with costs. All concur.